IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

| | |
|---|---|
| CYNTHIA LITTRELL, an individual, | )<br>) |
| Plaintiff, | ) No. 6:12-cv-697-HO<br>) |
| v. | ) ORDER<br>) |
| BANK OF AMERICA, N.A., FNA; BAC HOME LOAN SERVICING, LP, a Texas limited liability partnership; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware corporation; NORTHWEST TRUSTEE SERVICES, INC., a Washington corporation, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>)<br>) |

Plaintiff, Cynthia Littrell, brings this matter seeking a declaration that defendants Bank of America, Mortgage Electronic Registration System Corporation (MERS), and Northwest Trustee Services have no legal right to conduct a nonjudicial foreclosure.

1 - ORDER

Plaintiff also seeks a declaration that MERS cannot hold legal title to the trust deed securing the loan to finance plaintiff's property located at 5939 Rombauer Road, Eugene, Oregon. Plaintiff also seeks damages for alleged violations of the Real Estate Procedures Act (RESPA) and the Fair Debt Collection Practices Act (FDCPA).

The court granted a TRO preventing a non-judicial foreclosure in this case because plaintiff presented evidence that assignments of the underlying mortgage have not been recorded, which is a violation of the Oregon Trust Deed Act (OTDA). At the hearing on whether a preliminary injunction should issue pending the outcome of the case, defendants agreed that, for the time being, they would not proceed with foreclosure.

Plaintiff refinanced her house and obtained a loan from Countrywide Bank secured by a deed of trust recorded in Lane County, Oregon. The deed of trust list MERS as the nominee beneficiary. Plaintiff alleges that MERS cannot have any rights under the deed of trust.

Plaintiff further alleges that, at a date unknown to her, Fannie Mae obtained an interest in the note with Countrywide's successor, Bank of America, retaining the servicing rights. Plaintiff also alleges that the assignment to Fannie Mae was not recorded.

Plaintiff alleges that the trust deed has been split from the note (which was allegedly negotiated to a real estate investment trust) leaving no party with a right to foreclose nonjudicially.

2 - ORDER

On October 26, 2011, MERS appointed Northwest Trustee Services as a successor trustee.  On November 9, 2011, Northwest Trustee Services recorded a notice of default and election to sell.  As noted above, a sale has not occurred.

Plaintiff avers that she has a buyer for the property willing to pay the amount truly owed on the note, but that Bank of America refuses to meet the buyer's demands, such as a payoff statement that does not include fees related to the foreclosure.

In addition, plaintiff alleges that defendants violated the RESPA and the FDCPA by: (1) not disclosing the true creditor; (2) seeking to collect unauthorized fees; and (3) refusing to provide requested information.

Defendant Northwest Trustee Services moves to dismiss for lack of jurisdiction and for failure to state a claim for violation of the FDCPA or the RESPA.  Defendants Bank of America, BAC Home Loan Servicing and MERS also move to dismiss plaintiff's RESPA and FDCPA claims.

A.   Jurisdiction

Defendant Northwest Trustee Services asserts that the court does not have jurisdiction over plaintiff's first claim for declaratory relief because plaintiff has not pleaded an ability to cure the loan default.  Accordingly, defendant argues, plaintiff lacks standing to seek declaratory relief.

Damages in the event of a failure to give notice as required for a nonjudicial foreclosure are only available in the event that

3 - ORDER

the person omitted from such notice can cure the default. O.R.S. § 86.742. However, the complaint implies, or at least amendment can explicitly specify, that a nonjudicial foreclosure is not available in this case because of lack of proper recording. As noted above, plaintiff alleges that an interest in the note has not been recorded.

A beneficiary that uses MERS to avoid publically recording assignments of a trust deed, including assignments of the underlying note, cannot avail itself of a nonjudicial foreclosure. Niday v GMAC Mortgage, LLC., 251 Or.App. 278, 300-01 (2012). Further, plaintiff alleges that she has a buyer, but that the buyer requires a payoff statement that does not include fees for the foreclosure. Since the nonjudicial foreclosure is allegedly unavailable, plaintiff has alleged a justiciable controversy. The motion to dismiss on this basis is denied.

B.   FDCPA

All defendants seek dismissal of plaintiff's FDCPA claim.

Magistrate Judge Clarke has provided an excellent and in-depth review of the applicability of the FDCPA to efforts to foreclose. Memmott v. One West Bank, 2011 WL 1560985 (D.Or. Feb. 9, 2011). In essence, the activity actually necessary to foreclose on property pursuant to a deed of trust is not collection of debt within the meaning of the FDCPA. Id. at *8. For instance, reporting credit information to credit bureaus is not necessary to effectuate foreclosure. Id. at *12.

4 - ORDER

With respect to defendant Northwest Trustee Services, plaintiff has not alleged any activity that is beyond what is contemplated under the OTDA to accomplish a nonjudicial foreclosure, such as notice and an opportunity to cure the default. Although plaintiff alleges violation of the OTDA, there is still no actions beyond what is contemplated to foreclose. The motion to dismiss the FDCPA claim against defendant Northwest Trustee is granted.

Moreover, while it is true that the one entitled to enforce the note could abandon the foreclosure process and simply seek to sue on the note and obtain a personal judgment (which could fall within the FDCPA), there is no allegation that such an action has been taken by defendants. In addition, plaintiff has not alleged a transfer of *servicing* rights to any defendant after default. See 15 U.S.C. 1692a(6)(F)(iii) (debt collector does not include any person collecting on a debt which was not in default at the time obtained).[1] Additionally, MERS is not alleged to have played any role in debt collection. Accordingly, defendants Bank of America, BAC Home Loan Servicing and MERS' motion to dismiss the FDCPA claim is granted.

C.  RESPA

Plaintiff alleges collection of fees not authorized under

---

[1] Plaintiff does argue that MERS transferred the Deed to defendant Bank of America, N.A. after default, but the servicing rights had been transferred prior to default.

5 - ORDER

RESPA. The fees were assessed at the time of loan, which occurred more than three years ago. As pleaded, plaintiff's RESPA claims is time-barred. 12 U.S.C. § 2614. Plaintiff now contends that she should be allowed to replead to include equitable tolling as to loan origination claims. Although plaintiff's response is virtually devoid of what facts she would plead to demonstrate equitable tolling, the court will allow plaintiff an opportunity at amendment the RESPA claim is dismissed without prejudice. To the extent plaintiff can legitimately allege a RESPA claim for failure to adequately respond to a qualified written request, amendment for this additional RESPA claim is allowed as well.

D.  Claim for Attorneys' Fees

Plaintiff's attorneys' fee claim is based on her FDCPA claim and RESPA claim. Because those claims are dismissed, the attorneys' fee claim is also dismissed without prejudice if plaintiff can adequately plead a RESPA claim via amendment.

CONCLUSION

For the reasons noted above, defendants' motions to dismiss (#s 19 and 27) are granted to the extent stated above.

DATED this ___10__ day of October, 2012.

_____
United States District Judge

6 - ORDER